## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**JAMES KEEL**     **PETITIONER**

v.     **No. 3:21CV226-GHD-JMV**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**     **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Keel for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition; Mr. Keel has responded, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as detention, bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to

challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

## Facts and Procedural Posture[1]

The procedural posture of this case is convoluted. Petitioner James Keel is in the custody of the Mississippi Department of Corrections and is currently housed at the Lee County Work Center in Tupelo, Mississippi. Keel's MDOC Inmate Time Sheet reflects that he is currently in custody for the following two guilty plea convictions in the Yalobusha County Circuit Court: sale of methamphetamine and conspiracy to sell methamphetamine. **Exhibit A.**[2]

Keel initiated this proceeding by filing a complaint under 42 U.S.C. § 1983 on October 27, 2021. Doc. 1. On the same date, the court entered an order construing Keel's filing as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241 and ordering him to complete and file his petition on the court's standard form. Doc. 4. On November 22, 2021, he filed the instant petition under 28 U.S.C. § 2241. Doc. 6.

Keel's challenge to the execution of his sentence is proper under 28 U.S.C. § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (observing that "[t]he government correctly points out that [petitioner]'s claim [in motion filed under 28 U.S.C. § 2255] should have been filed as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241, as he challenges the execution of his sentence rather than the validity of his conviction and sentence"). Section 2241 is also appropriate when a petitioner challenges the manner in which he serves his sentence, such as the calculation of his release date, as long as the challenge involves the fact or duration of detention. *See Henrickson v.*

---

[1] The court has taken the facts and procedural posture in this memorandum opinion from the State's Motion to Dismiss.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss the instant petition for a writ of *habeas corpus*.

*Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001). Section 2241 does not include the one-year limitations period of § 2244(d)(1) or the highly deferential standards of review of § 2254(d)(1) and (2); thus, a petitioner proceeding under § 2241 is not required to overcome these procedural hurdles to federal *habeas corpus* review. *See Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011). And, unlike *habeas corpus* petitions under 28 U.S.C. § 2254, those under § 2241 generally do not have preclusive effect on later petitions, as long as the petition does not attack the underlying conviction or sentence. *See* Brian R. Means, Federal Habeas Manual, § 11:68 Section 2241 Challenge (2021 Edition). The exhaustion requirement is nonetheless a prerequisite in § 2241 actions. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973); *Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987).

In the instant petition, Keel does not challenge his underlying guilty plea. *See* Doc. 6. Instead, he is challenging the "computation of [his] sentence imposed in the Circuit Court of Yalobusha County, Mississippi[.]" Doc. 7. He argues instead that "[he] was detained by LCDC, MDOC, YCDC from Jan. 17, 2017 – May 1, 2017[,]" and that "[he is] owed that time" for his detention related to his Yalobusha County charges. Doc. 6 at 2. He thus "request[s] all the time [he] was detained from January 17, 2017 – May 1, 2017 be credited to [him] as pretrial jail time and [reflected] on [his] current time computation sheet[.]" Doc. 6 at 7. He also requests "any and all compensation[3] [he is] owed for constitutional violations, mental pain and anguish [] and all other troubles this situation

---

[3] As money damages are not available through *habeas corpus* proceedings, the court will not discuss this request. *Preiser v. Rodriguez*, 411 U.S. 475, 484, (1973) (money damages not cognizable through *habeas corpus*.)

caused [him]." Doc. 6 at 7.[4]

As recounted below, Mr. Keel has been challenging various aspects of MDOC's computation of his sentence at issue here since 2016, prior to the entry of his sentence in Yalobusha County Circuit Court on May 1, 2017. The record nonetheless shows that his challenge seeking pretrial jail credit to his sentence is meritless, and it will be denied with prejudice. In the alternative, Keel's challenge is procedurally defaulted and should be dismissed with prejudice.

### Guilty Plea and Sentence

On June 9, 2016, James Keel was indicted on four charges: conspiracy to sell methamphetamine (Count I), sale of methamphetamine (Count II), conspiracy to sell methamphetamine (Count III), and sale of methamphetamine to a confidential informant (Count IV). **Exhibit B**. On April 3, 2017, the Yalobusha County Circuit Court amended Keel's indictment to charge him as a habitual offender under Miss. Code Ann. § 99-19-81, and as a "recidivist offender" under Miss. Code Ann. § 41-29-147. **Exhibit C**. On May 1, 2017, Keel pled guilty to the charges in Counts I and II for conspiracy to sell methamphetamine and the sale of methamphetamine, respectively. **Exhibit D**; *see also* SCR, Cause No. CR2016-18-JMY2 at 101–25.[5] The Yalobusha County Circuit Court sentenced Keel to serve a term of twenty years on Count II, followed by a term

---

[4] Keel has filed at least two prior federal *habeas corpus* petitions in this court related to his Yalobusha County Circuit Court guilty plea and the sentence at issue in the instant federal petition for a writ of *habeas corpus*: (1) a *pro se* petition filed under 28 U.S.C. § 2241 (*see Keel v. Ladner, et al.*, No. 3:18CV227-NBB-DAS (N.D. Miss. March 5, 2019); and (2) a *pro se* petition filed under 28 U.S.C. § 2254 (*see Keel v. Davis, et al.*, No. 3:19CV125-GHD-RP (N.D. Miss. Sept. 24, 2020). He has also filed at least one *pro se* complaint under 42 U.S.C. § 1983 in this court, challenging the computation of his sentence at issue in the instant federal habeas Petition. *See Keel v. Robinson, et al*, No. 4:18CV224-JMV, Doc. 23. Each of these challenges was either meritless or untimely filed.

[5] In exchange for Keel's guilty plea to Counts I and II, the Yalobusha County Circuit Court remanded Counts III and IV. *See* **Exhibit E** at 3.

of ten years of post-release supervision on Count I, with five years reporting and five years non-reporting, to "run concurrent[ly with] any and all sentences previously imposed." *See* **Exhibit E**. The circuit court also awarded Keel credit for one day served in custody on these charges. **Exhibit E** at 3–4; *see also* CR2016-18-JMY2 at 120. Keel's MDOC Inmate Time Sheet confirms that he received credit for the one day in custody, as ordered. **Exhibit A**. As a result, the "Begin Date" of Keel's sentence is listed as April 30, 2017, one day prior to May 1, 2017 (the date on which the circuit court sentenced him on his plea). **Exhibit A** at 1.

### Litigation of Challenges to Sentence Computation

Keel has engaged in repeated litigation of challenges to the MDOC's computation of his sentence, including his challenge to his pretrial jail credit at issue in the instant petition. As detailed below, he filed four motions in his criminal matter in the Yalobusha County Circuit Court, and he attempted, unsuccessfully, to appeal the denial of his fourth motion to the Mississippi Supreme Court. He also filed multiple grievances with the MDOC Administrative Remedy Program ("ARP") and created a backlog of grievances by filing new ones before the ARP could address those previously filed.

In the instant federal petition, Keel references only his most recent MDOC grievance—MSP-21-528. *See* Doc. 6. However, his MDOC ARP records reflect that he has filed at least two ARP grievances since 2016 – challenging the computation of his Yalobusha County sentence imposed on May 1, 2017, and specifically seeking jail credit for various periods of time prior to his sentence date.

On February 18, 2016, Keel submitted a grievance to the MDOC ARP, which was stamped as "received" on February 22, 2016, and ultimately assigned ARP Number CMCF-17-1657. **Exhibit F**. He alleged that he was entitled to credit for the time that he was held in custody in the Yalobusha County Detention Center, which, according to Keel at that time, was from December 15, 2015, until

January 13, 2016. **Exhibit F**. However, as this court held in Keel's prior *habeas corpus* case filed under § 2241, "Keel's backlog of ARP filings caused a delay in processing, and the consideration of MDOC ARP Number CMCF-17-1657 ultimately overlapped with the time during which Keel ultimately pled guilty and was sentenced in Yalobusha County Circuit Court Cause Number CR2016-18-JMY2" on May 1, 2017. *Keel*, 2019 WL 1048847, at *2 n.5. On June 16, 2017, the MDOC ARP issued a First Step Response Form to Keel on ARP Number CMCF-17-1657, advising him that a review of his file confirmed that the jail time from the challenged period (December 15, 2015, through January 13, 2016) "cannot be applied to [Keel's] file because [he] was on parole at that time." **Exhibit F**. Dissatisfied with the First Step Response, he proceeded to step two of the MDOC ARP on June 27, 2017, arguing that "[he] was detained in jail and should be credited the days detained off [his] sentence." **Exhibit F**. Keel, however, requested withdrawal, in writing, of ARP Number CMCF-17-1657 on July 5, 2017, to allow him to proceed with a new claim. **Exhibit F**. Thus, Keel failed to complete the ARP process on his pretrial jail credit grievance in MDOC ARP Number CMCF-17-1657.[6]

On October 24, 2017, before completing the MDOC ARP process in CMCF-17-2309

---

[6] Indeed, immediately after requesting withdrawal of ARP Number CMCF-17-1657, Keel submitted another grievance to the MDOC ARP, which was stamped as "received" on July 15, 2017, and assigned ARP Number CMCF-17-2309. *See Keel*, 2019 WL 1048847, at *2. In this grievance, Keel argued that his MDOC Inmate Time Sheet computed on June 5, 2017, and received on July 7, 2017, did not reflect his previously imposed sentences—an issue not specifically challenged in the instant Petition—but raised and denied in his previous federal petition filed under 28 U.S.C. § 2241. *See id.* Ultimately, on October 20, 2017, the MDOC ARP issued a Second Step Response Form to Keel's grievance in CMCF-17-2309, advising him that he was only serving his twenty-year sentence from Yalobusha County and that he had no other sentences to run concurrently with that sentence. *See id.* On December 18, 2017, Keel signed the Second Step Response Form, certifying that he had fulfilled the requirements of the ARP and was eligible to seek judicial review of that decision within thirty days. *See id.*

regarding his concurrent sentences, Keel filed a "Motion for Court to Send Order to MDOC Records Department" in the Yalobusha County Circuit Court. *See* **Exhibit G**. In this motion, Keel argued that the MDOC was not running his sentence concurrently with his sentence from Lafayette County, as ordered, and requested that the Yalobusha County Circuit Court send an order to the MDOC Records Department clarifying the terms of his sentence. *See* **Exhibit G.** On November 6, 2017, the Yalobusha County Circuit Court denied Keel's motion as meritless and reiterated the terms of Keel's sentence. **Exhibit H.** The circuit court observed that, according to the MDOC, Keel's Yalobusha County sentence began to run on April 30, 2017. **Exhibit H.** Again, as detailed above, the Yalobusha County Circuit Court sentenced Keel on May 1, 2017, and ordered that he receive one day of jail time credit to his sentence. **Exhibit E**; *see also* **Exhibit A.** The circuit court informed him that, if he had any issues with his Lafayette County sentence, he needed to address those concerns with the Lafayette County Circuit Court – and again provided a detailed explanation to Keel of the terms of his concurrent sentence. **Exhibit H.**

Approximately two weeks later, on November 22, 2017, Keel filed a "Motion for Pretrial Jail Time Credit, for Time Served," asserting that he did not receive pretrial jail credit to which he was entitled in Yalobusha County Circuit Court Cause Number CR2016-18JMY2. *See* **Exhibit I**. Keel argued, much as he does in the instant petition, that he was arrested on January 27, 2017, and held in custody until his sentencing date of May 1, 2017. *See* **Exhibit I**.[7] He thus requested pretrial jail credit for that time in custody. *See* **Exhibit I**. On November 30, 2017, the Yalobusha County Circuit Court denied Keel's motion as meritless, concluding that the circuit court had, at sentencing, awarded Keel the one day of jail credit to which he was entitled. *See* **Exhibit J**. The circuit court explained that,

---

[7] In the instant petition, Keel alleges that he was detained on January 17, 2017, ten days prior to the date that he previously asserted in his November 2017 motion in the circuit court. *See* Doc. 6.

"[a]ccording to Keel's own documentation" attached to his motion, "he was being held on a warrant for violation of post-release supervision from <u>Lafayette County</u> for the time he [wa]s requesting credit from th[e circuit] court." **Exhibit J** at 1 (underline in original). Further, "[a]ccording to MDOC, Keel was serving time with MDOC at a Technical Violation Center until his plea in this case." **Exhibit J** at 1.[8] The circuit court noted that Keel had failed to produce any documentation requiring the court to change the amount of credit he should receive to his sentence prior to the entry of his plea in this case. **Exhibit J** at 1. The circuit court informed Keel that he was not entitled to credit for time he was serving on another charge because "[a] prisoner actually serving time for another conviction is not being held to await trial." *See* **Exhibit J** at 1 (citing Miss. Code Ann. § 99-19-23; *Foster v. Durr*, 123 So. 3d 940, 941 (Miss. Ct. App. 2013)). Finally, the circuit court advised Keel that if he was not satisfied with the credit that the MDOC had given him, he should address his request for his initial time served with the MDOC ARP. **Exhibit J** at 1–2 (citations omitted).

Four days after entry of the circuit court's Order denying Keel's "Motion for Pretrial Jail Time Credit, for Time Served," he filed a "Motion to Have Time Computation Error Corrected," resubmitting challenges to the computation of his sentence. *See* **Exhibit K**. Specifically, he alleged that "[he] was serving prison time in the month of April 2017 and brought from prison on court order to Yalobusha County for [his] May 1, 2017 court date [at] which [he] received [a twenty-year sentence]." **Exhibit K** at 1. He again requested that the circuit court order the MDOC Records Department to compute his Yalobusha County sentence to run concurrently with his Lafayette County sentence. **Exhibit K** at 1–2. On December 19, 2017, the Yalobusha County Circuit Clerk mailed a letter to Keel

---

[8] In both of these situations, Mr. Keel was in custody for reasons other that pretrial detention, and inmates may not "double-dip" as he seeks to do – by using a single detention to receive credit towards two different sentences.

- 9 -

in response to the motion, advising him that, per the staff attorney, the circuit court had previously entered two orders on this issue. **Exhibit L**. The clerk thus told Keel that "[t]here [wer]e no other responses to be given from [the court] regarding [his] time" – and again forwarded copies of the court's previous orders to Keel for his reference. **Exhibit L**.

On June 4, 2018, Keel filed a "Motion to Correct-Modify Sentence" in the Yalobusha County Circuit Court. **Exhibit M**.[9] In his motion, Keel argued that his Yalobusha County sentence should have begun on April 10, 2015, the date on which he alleged that he was also convicted in Lafayette County Circuit Court.[10] **Exhibit M**. On June 18, 2018, the Yalobusha County Circuit Court denied Keel's "latest petition" as meritless, observing that it "ha[d] entered orders denying similar relief on November 1, and November 29, 2017." **Exhibit N**. The circuit court explained that the crimes to which Keel pled guilty in Yalobusha County did not even occur until September 22, 2015. **Exhibit N**. Keel was thus seeking to serve the sentence on his September 22, 2015, crimes *starting five months before they even occurred*. The circuit court reiterated the terms of Keel's sentence and again explained to him the meaning of a "concurrent sentence." **Exhibit N** (citing Black's Law Dictionary). The circuit court further explained to Keel, in relevant part:

> The sentence is correct and should not be corrected or modified. Keel will <u>serve the longer of any concurrent sentences before he will be released from [the] MDOC</u>. Obviously[,] Keel has served his other sentences and is only serving his sentence from Yalobusha County at this time. Keel is only entitled to credit for time while serving jail time on this criminal cause. Keel admits in his petition that he was not even incarcerated during part of the time he wants credit. Keel is not entitled to credit for time while already an inmate of [the] MDOC on another charge.

---

[9] Keel attached to his motion a copy of the MDOC ARP Second Step Response Form in ARP Number CMCF-17-2309, which Keel signed and dated as received on December 18, 2017. *See* **Exhibit M**.

[10] But, as detailed above, Keel pled guilty to the crimes of conspiracy to sell methamphetamine and sale of methamphetamine in Yalobusha County Circuit Court on May 1, 2017, *two years after* he alleges that his Lafayette County sentence began. *See* **Exhibit E**.

**Exhibit N** (underline in original). The circuit court acknowledged that "Keel ha[d] provided documentation that he had addressed his concerns through the offender grievance procedure or [ARP] established by [the] MDOC," as Keel attached a copy of the ARP Second Step Response Form in ARP Number CMCF-17-2309 to his motion. **Exhibit N**.[11] But the circuit court observed that Keel failed to timely seek judicial review of that decision with the Yalobusha County Circuit Court, and it "ha[d] no knowledge of whether Keel ha[d] sought relief in the proper court." **Exhibit N**. Upon review of Keel's argument in his "Motion to Correct-Modify Sentence," the circuit court denied it as meritless. **Exhibit N**.

On July 10, 2018, Keel filed a Notice of Appeal of the Yalobusha County Circuit Court's Order denying his "Motion to Correct-Modify Sentence," which was docketed as Mississippi Supreme Court Cause Number 2018-TS-00979. *See* SCR, Cause No. 2018-TS-00979, Case Folder at 66. On July 20, 2018, the Yalobusha County Circuit Court denied Keel's motion to appeal *in forma pauperis*, concluding that the order was not appealable because Keel was not appealing a conviction or a denial of post-conviction relief and allowing Keel seven days to prepay the costs of his appeal and file a certificate of compliance. **Exhibit O**. Keel then submitted letters to the Yalobusha County Circuit Court requesting information regarding the status of his motion to appeal *in forma pauperis*. SCR, Cause No. CR2016-18-JMY2 at 250–52, 289–92. On August 22, 2018, the Yalobusha County Circuit Clerk's Office mailed a letter to Keel informing him that the court denied his motion to appeal *in forma pauperis* on July 20, 2018. **Exhibit P**. The letter also informed him that, on July 30, 2018,

---

[11] As explained above, in his grievance in ARP Number CMCF-17-2309, Keel argued that his MDOC Inmate Time Sheet computed on June 5, 2017, and received on July 7, 2017, did not reflect his previously imposed sentences—an issue not specifically challenged in the instant Petition—but raised and denied in his previous federal habeas petition filed under 28 U.S.C. § 2241. *See Keel*, 2019 WL 1048847, at *5.

the clerk's office mailed a Certificate of Non-Compliance to Keel because he had failed to submit payment for the appeal costs or a Certificate of Compliance and subsequently submitted his Certificate of Compliance on August 8, 2018, without payment. **Exhibit P**. Thus, the clerk's office advised Keel that there was nothing more that the Yalobusha County Circuit Court could do in the matter. **Exhibit P**. On October 2, 2018, the Mississippi Supreme Court dismissed Keel's appeal for failure to pay the filing fee and costs of his appeal in Mississippi Supreme Court Cause Number 2018-TS-00979. **Exhibit Q**.

Over two and a half years later, on July 26, 2021, Keel submitted another grievance to the MDOC ARP challenging his pretrial jail credit from 2017, which was stamped as "received" on August 10, 2021, and assigned ARP Number MSP-21-528. **Exhibit R**. In his grievance, Keel alleged that, [u]pon review of [his] time sheet [on] July 25, 2021[,] it is error." **Exhibit R** at 2. Keel alleged that he was arrested on January 27, 2017, on a probation warrant and detained from that date "until about March 6, 2017." **Exhibit R** at 2. According to Keel, the start date of his sentence "should be March 21, 2017, instead of the erroneous current date of May 1, 2017." **Exhibit R** at 2–3. Keel also alleged that "[his] parole date and ERS date[s] are miscalculated" because "[his] parole date should be about January 21, 2022." **Exhibit R** at 3–4. Keel thus again sought jail-time credit and correction of "all other dates" on his MDOC Inmate Time Sheet. **Exhibit R** at 4–5. On August 12, 2021, the MDOC ARP issued a Notice in response to Keel's grievance in MSP-21-528, stating that "[his] request [was] rejected for the following reasons(s):" (1) "[t]here has been a time lapse of more than thirty (30) days between the event and the initial request [because the] [i]ncident happened on (in) 2017" and was "received in th[e] [ARP] office on 8-10-21;" and (2) "Other: Court issue." **Exhibit R** at 1. Keel attached to his petition a copy of a letter issued by the director of the MDOC ARP on September 29, 2021, confirming "receipt of [his] request for Administrative Remedy concerning jail

time." Doc. 6-9. The director noted that the MDOC ARP had rejected a grievance concerning the same issue; therefore, the request would not be processed, and no other complaints regarding the issue were necessary. Doc. 6-9. Keel attaches to his federal *habeas corpus* petition a copy of an "Inmate Receipt" form showing that he signed for the rejection notice of ARP Number MSP-21-528 on October 18, 2021. Doc. 6-5.

### Instant Petition for a Writ of *Habeas Corpus*

As detailed above, Keel initiated this proceeding on October 27, 2021, approximately one week after his receipt of the MDOC's ARP rejection notice in MSP-21-528. Doc. 1. In the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, he seeks credit for "all the time [he] was detained from January 17, 2017 – May 1, 2017" prior to his guilty plea and sentencing in the Yalobusha County Circuit Court. Doc. 6 at 7. He also requests "any and all compensation [he is] owed for constitutional violations, mental pain and anguish [] and all other troubles this situation caused [him]." Doc. 6 at 7

### The Pretrial Jail Credit Claim Is Without Substantive Merit

As set forth above, at Keel's sentencing on his guilty plea, the Yalobusha County Circuit Court awarded him credit for one day served in custody on the charges of conspiracy to sell methamphetamine and the sale of methamphetamine. **Exhibit E** at 3–4; *see also* SCR, Cause No. CR2016-18-JMY2 at 21. Keel's MDOC Inmate Time Sheet also confirms that he received credit for that one day in custody, as ordered. **Exhibit A**. As such, the "Begin Date" of Keel's sentence is listed on his MDOC Inmate Time Sheet as April 30, 2017, one day prior to May 1, 2017 (the date on which the circuit court sentenced him on his plea). **Exhibit A**.

Keel began challenging his pretrial jail credit in February 2016 through the MDOC ARP, originally seeking pretrial credit from as early as 2015 on his 2017 plea and sentence. *See* **Exhibit F**.

As explained above, the Yalobusha County Circuit Court denied as meritless each of the following three motions challenging the computation of his Yalobusha County sentence: (1) "Motion for Court to Send Order to MDOC Records Department" (**Exhibit H**); (2) "Motion for Pretrial Jail Time Credit, for Time Served" (**Exhibit J**); and (3) "Motion to Correct-Modify Sentence" (**Exhibit N**). Finally, Keel returned to the MDOC ARP to challenge his pretrial jail credit, and the ARP rejected his grievance as untimely and a "court issue." **Exhibit R**. Mr. Keel has repeatedly litigated his challenges to his pretrial jail credit; the Yalobusha County Circuit Court has awarded all credit to which he is entitled, and his MDOC Inmate Time Sheet reflects the day of jail time credit awarded by the Yalobusha County Circuit Court. As such, Keel's challenge to his pretrial jail credit will be denied for want of substantive merit.[12]

### The Doctrine of Procedural Default

Mr. Keel's claims must also be dismissed under the doctrine of procedural default. If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Default

Keel can, however, overcome the procedural default by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and

---

[12] As discussed below, Keel's challenge is unexhausted (and procedurally defaulted); however, the court may still deny relief on the merits. *See Neville v. Dretke*, 423 F.3d 474, 480–82 (5th Cir. 2005) (holding that, "[a]lthough AEDPA requires total exhaustion as a prerequisite for this Court to grant relief, this Court may deny relief on the petitioner's unexhausted claims); *Nobile v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998).

discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default by showing that application of the default would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Keel attempted to appeal the Yalobusha County Circuit Court's denial of his "Motion to Correct-Modify Sentence." **Exhibit N**. However, the Mississippi Supreme Court dismissed Keel's appeal for failure to pay the filing fee and the costs of the appeal. He thus failed to properly present his challenge to his pretrial jail credit to his sentence from Yalobusha County to the state's highest court and provide the state courts a full opportunity to consider any potential constitutional issues. As such, his challenge is procedurally defaulted for purposes of federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).

Keel has not shown cause for his default, as he has not identified "something *external* to [him], something that cannot fairly be attributed to him" that prevented him from exhausting this claim. *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors found to

- 15 -

constitute "cause" to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). Keel has not produced any evidence to show that an external impediment prevented him from properly pursuing his claims to exhaustion – or that the basis of his claim was unavailable to him. Hence, he has not established "cause" to overcome the procedural default in the instant case. As he has not shown cause, the court need not consider whether he suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Neither will he suffer a fundamental miscarriage of justice if the court enforces the default, as he has not shown that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not produced new, reliable evidence showing that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). He has not even argued that he is innocent of the crimes of conviction, only that his sentence has been miscalculated. This claim will also be dismissed as procedurally defaulted.

## Evidentiary Hearing Not Necessary

Finally, Mr. Keel's request for an evidentiary hearing will be denied. In this case "the record is complete, [and] the petitioner raise[s] only legal claims that can be resolved without the taking of additional evidence." *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)).

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for want of substantive merit and, alternatively, as procedurally defaulted. In addition, the

petitioner's request for an evidentiary hearing will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of May, 2022.

/s/ Glen H. Davidson
SENIOR JUDGE